**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MELISSA KADY,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00725-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant,**
_________________________________/

**ORDER**

Plaintiff appeals the administrative decision denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **AFFIRMED.**

## I. BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On January 31, 2022, Plaintiff filed an application for a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, alleging disability beginning June 7, 2021 (Tr. 189-95). The claim was denied initially on May 11, 2023 (Tr. 90-94), and upon reconsideration on March 8, 2024 (Tr. 105-12). Plaintiff filed a request for hearing by ALJ on March 27, 2024. (Tr. 113-14). An ALJ held a hearing on September 4, 2024 (Tr. 42-69) and issued a decision finding Plaintiff not disabled on September 25, 2024 (Tr. 19-41). On November 27, 2024, Plaintiff filed a request for review with the agency's Appeals Council (Tr. 187-88), which was denied on September 24, 2025 (Tr. 1-6).

(Doc. 14 at 1-2).

Plaintiff was 41 years old on the alleged onset date of disability and 45 years old on the date the ALJ decision was issued. (Tr. 189). She has at least a high school education and previously worked as an office nurse and a general duty nurse. (Tr. 34). Based on a review of the record, the ALJ found that Plaintiff had the severe impairments of postural orthostatic tachycardia syndrome (POTS), migraines, diabetes, neuropathy, fibromyalgia, hypolipidemia, insomnia, hypotension, hypertension, and adjustment disorder with anxiety. (Tr. 24).

The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some limitations. The ALJ found Plaintiff had the RFC to perform sedentary work except that she could never climb ladders, ropes, and scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; should avoid concentrated exposure to hazards; could understand, remember, and carry out, simple, detailed but not complex instructions; may have frequent interactions with public, supervisors and co-workers; and may deal with frequent changes in a routine work setting. (Tr. 28).

Based upon the RFC, and relying upon the testimony of a vocational expert, the ALJ found that an individual with Plaintiff's age, education, work experience, and RFC could perform work that exists in significant numbers in the national economy, such as the jobs of telephone quotation clerk and electronics inspector. (Tr. 35). Accordingly, the ALJ found that Plaintiff was not disabled. (Tr. 36).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III. Discussion

The sole issue raised by Plaintiff on appeal is whether the Commissioner failed to sustain the burden of proof at step five of the sequential evaluation process. Plaintiff's argument pertains to the ALJ's identification of two jobs in the national economy that Plaintiff could perform: telephone quotation clerk with 6,000 jobs available in the national economy, and electronics inspector with 1,200 jobs available in the national economy. (Tr. 35).

Plaintiff contends that "[n]umerous courts around the country have held that the number testified to by the VE in this case constitute an insignificant number of jobs." (Doc. 13 at 6). In support of this argument, Plaintiff exclusively cites cases from courts outside the Eleventh Circuit. (Doc. 13 at 6). For example, Plaintiff cites *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 521 (9th Cir. 2014), *James A. v. Saul*, 471 F. Supp. 3d 856, 858 (N.D. Ind. 2020), *Valencia v. Astrue*, No. C 11-06223 LB, 2013 WL 1209353, at *18 (N.D. Cal. Mar. 25, 2013), and other cases from courts outside the Eleventh Circuit. Plaintiff acknowledges that these cases are not binding authority but contends they should be deemed persuasive in this case. Plaintiff also argues that the ALJ's reliance on the DOT is problematic, given that it has not been revised since 1991. (Doc. 13 at 7).

Plaintiff's argument is unpersuasive. First, this Court has specifically held that under the current regulations, the DOT is a reliable source of occupational information. *See e.g.*, *Hall v. Comm'r of Soc. Sec.*, No. 3:23-CV-1141-DNF, 2024 WL 3385452, at *5 (M.D. Fla. July 12, 2024). The applicable regulations still include the DOT as an acceptable source for job data evidence and the vocational expert's testimony complied with the regulations. *See* 20 C.F.R. §§ 404.1566(d), 416.966(d).

Further, the Vocational Expert identified the jobs of telephone quotation clerk and electronics inspector as jobs an individual with Plaintiff's RFC could perform. (Tr. 35). *See Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 674 (11th Cir. 2019) (finding any theoretical error at step five harmless because ALJ identified a different job plaintiff could perform and substantial evidence supported the ALJ's finding that the unaffected job existed in significant numbers in the national economy).

Here, Plaintiff does not contend that she is incapable of performing the jobs identified. Rather, she contends that those jobs do not constitute significant numbers in the national economy. Specifically, she contends that the two positions totaling 7,200 jobs in the national economy constitute an insufficient number of jobs to support a finding of non-disability. (Doc. 13 at 6). However, in *Atha v. Commissioner, Social Security Administration*, 616 F. App'x 931, 934 (11th Cir. 2015), the Eleventh Circuit stated that it "has never held that a minimum numerical count of jobs must be identified to constitute work that 'exists in significant numbers.'" *See also, Best v. Comm'r of Soc. Sec.*, No. 2:17-CV-219-FTM-MRM, 2018 WL 3569255, at *8 (M.D. Fla. July 25, 2018) (finding that 2,000 jobs nationally as a final assembler independently constitutes a significant number of jobs); and *Sheres v. Berryhill*, No. 6:18-CV-1000-ORL-DNF, 2019 WL 2755031, at *9 (M.D. Fla. July 2, 2019) (affirming the ALJ's decision and accepting the ALJ's finding that 9,000 title examiner jobs constituted a significant number of jobs).

For the reasons explained above, I find that the ALJ's decision should be affirmed because substantial evidence supports the ALJ's findings regarding Plaintiff's condition, the RFC, and Plaintiff's limitations. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If

the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.”).

## IV. CONCLUSION

Upon due consideration and for the reasons stated above, the ALJ’S decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE** AND **ORDRED** in Ocala, Florida on October 14, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Party
Courtroom Deputy